**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Julie Urena,<br>Plaintiff,<br><br>-v-<br><br>Citimed Management Services Inc,<br><br>Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Julie Urena ("Plaintiff" or "Urena"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant Citimed Management Services Inc (collectively "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the applicable regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interests, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff further alleges that Defendant discriminated against Plaintiff due to her hospitalization and perceived disability in violation of the New York State Human Rights Law ("NYHRL") and New York City Human Rights Law ("NYCHRL") when they terminated Plaintiff's employment with them. As a result of the unlawful and discriminatory termination, Plaintiff seeks the recovery of lost income including back pay and reinstatement/front pay, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorney's fees and costs, under the NYHRL and NYCHRL.

5. Plaintiff alleges that she was employed by Defendant and pursuant to the New York City Earned Safe and Sick Time Act ("ESSTA"), at New York City, N.Y., Code § 20-924. Defendant violated the ESSTA, including New York City, N.Y., Code § 20-924, when they terminated/discharged and failed to reinstate Plaintiff's employment with them as required by the ESSTA, in retaliation/discrimination because Plaintiff exercised her rights and engaged in protected activity under the ESSTA – including requesting and taking ESSTA-protected leave. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorneys' fees and costs, pursuant to New York City, N.Y., Code § 20-924.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

9. At all times relevant herein, Plaintiff Julie Urena ("Plaintiff" or "Urena") was an adult, over eighteen years old, who resides in Queens County in the State of New York.

10. At all times relevant herein, Defendant Citimed Management Services Inc ("Citimed") was a New York for-profit corporation.

11. At all times relevant herein, Defendant controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

12. At all times relevant herein, Plaintiff was employed by Defendant.

**STATEMENT OF FACTS**

13. Upon information and belief, and at all relevant times herein, Defendant was in the medical and healthcare business.

14. Upon information and belief, and at all relevant times herein, Defendant employed over about 55 employees.

15. Plaintiff was employed by Defendant from on or about May 11, 2026 to September 4, 2026.

16. At all times relevant herein, Defendant employed Plaintiff as a medical assistant.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and her last hourly rate of pay was about $25.00 an hour.

18. At all times relevant herein, Plaintiff worked about 45 to 47 or more hours each week; 5 days each week for Defendant - with the exception of 2-3 weeks each year.

19. At all times relevant herein, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of her job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. At all times relevant herein, Plaintiff

either did not receive a "meal" break or was not completely relieved from duty during "meal" breaks, if any, because she was always subject to interruption during "meal" breaks if any and was actually interrupted to perform her regular physical work during any "meal" breaks because of the nature and demands of the job as required by Defendant. See i.e. *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 116 (2d Cir. 2023). As a result, Plaintiff is owed overtime wages for about 2.5 or more overtime hours worked each week during her employment with Defendant - with the exception of about 2 to 3 weeks each year, which she seeks to recover with this action and for which she was not paid any wages.

20. At all times relevant herein, in addition to the unpaid wages set forth in paragraphs 18, Plaintiff worked an additional 2.5 overtime hours each week beyond her schedule doing work related duties for Defendant for which she was not paid any wages in violation of the FLSA and NYLL – with the exception of about 2 to 3 weeks each year.

21. In addition, Plaintiff was required to pay for expenses incurred in the use of her cellphone, etc. by Defendant. However, Defendant failed to reimburse Plaintiff for these costs and expenses incurred in Defendant's work - Defendant failed to reimburse Plaintiff for about at least $10 to $15 or more each week which constitutes an unlawful deduction under the FLSA and NYLL including NYLL § 193, and also resulted in an underpayment of wages and overtime wages each week under the FLSA and NYLL.

22. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

23. At all times relevant herein and for the time Plaintiff was employed by Defendant, failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week during her employment with Defendant.

24. At all times relevant herein, Defendant failed to provide Plaintiff with the required notice at the time of her hiring pursuant to NYLL § 195(1) containing, among other things, her rate of

pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

25. At all times relevant herein, Defendant failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what she actually worked and less wages than she actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of her unpaid wages and she was thus harmed by being deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

26. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that she was due overtime wages when she worked the additional overtime hours over 40 each week claimed in this action — that is, she didn't know she was supposed to be paid additional overtime and other wages claimed in this action, and she lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

27. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notices and wage statements, Defendant forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as she can – time is money and the several hours spent doing this would have been saved had Defendant carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

28. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

29. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

30. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

31. On August 23, 2026, Plaintiff was hospitalized after going to the hospital emergency room because of a serious health/medical condition. Soon thereafter, on August 23, 2026, Plaintiff notified Defendant that she would not be able to work for a few days because of her hospitalization.

32. Plaintiff was continuously hospitalized from August 23, 2026 to August 27, 2026, and upon her release notified Defendant that she was ready to return to work on Monday August 31, 2026, after her regular days off on August 29 - 30, 2026, but Defendant resisted. Instead of reinstating Plaintiff as required by NYC ESSTA, Defendant terminated Plaintiff on September 4, 2026, because of her leave of absence that was protected under NYC ESSTA.

33. Plaintiff was intentionally/willfully and unlawfully terminated/discharged by Defendant in retaliation/discrimination/interference because she engaged in protected activity in the form of requesting and taking leave and NYC ESSTA leave.

34. Defendant also failed to reinstate and terminated Plaintiff because they perceived Plaintiff as being disabled in light of her medical condition for which she was hospitalized and treated and took protected leave, in violation of NYS and NYC Human Rights Law – at all relevant times Plaintiff was ready, willing and able to perform the duties and obligations of job following her discharge from hospital.

35. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

36. At all times relevant herein, Defendant as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

37. At all times relevant herein, Defendant conducted business with mortgage companies, banks,

insurance companies, and internet/email service providers within and outside the State of New York.

38. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

39. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8).

40. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

41. "Plaintiff" as used in this complaint refers to the named Plaintiff.

42. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant, within the meaning of the FLSA.

45. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

46. At all times relevant herein, Defendant transacted commerce and business in excess of

$500,000.00 annually or had revenues in excess of $500,000.00 annually.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

48. Plaintiff is entitled to recover from Defendant her unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142 (OT Wages)**

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

51. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

52. Plaintiff is entitled to recover from Defendant her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages**

53. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 52 above with the same force and effect as if fully set forth at length herein.

54. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

55. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including her unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

56. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

57. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

58. Plaintiff is entitled to recover from Defendant her entire unpaid wages, including her unpaid overtime wages, wage deductions, maximum liquidated damages, interests on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - N.Y.C. Admin. Code § 20–924

59. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 66 above as if set forth fully and at length herein.

60. At all times relevant herein, Plaintiff was employed by Defendant, within the meaning of the ESSTA - New York City, N.Y., Code § 20-924.

61. At all times relevant herein, Defendant, were covered persons, employers, corporations, associations or entities within the meaning of ESSTA - New York City, N.Y., Code § 20-924.

62. Defendants discharged/terminated Plaintiff, in retaliation/discrimination and in violation of the ESSTA including New York City, N.Y., Code § 20-924 for engaging in protected activity as laid out above such as exercising her ESSTA rights by requesting and taking ESSTA leave.

**Relief Demanded**

63. Defendant's violations of New York City, N.Y., Code § 20-924, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all her damages including her lost wages, such as back pay and front pay/reinstatement, lost benefits and remuneration, emotional distress damages, punitive damages, plus attorneys' fees, disbursement and costs of the action, including pursuant to New York City, N.Y., Code § 20-924.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGE AND DISABILITY DISCRIMINATION- NYS HUMAN RIGHTS LAW**

64. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 63 above as if set forth fully and at length herein.

65. Under New York Human Rights Law§ 296 (1) (a), it is an unlawful discriminatory practice "For an employer or licensing agency, because of an individual's age, ... disability ... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

66. Defendants' refusal to reinstate Plaintiff and its termination of Plaintiff because of her perceived disability in light of her illness, hospitalization and treatment, is an unlawful

employment practice in violation of the New York Human Rights Law, including New York Executive Law§ 296 (1) (a).

67. Although Plaintiff was ready, able and willing to resume her activities at her job, Defendant nonetheless terminated plaintiff due to this perceived disability.

68. Plaintiff is entitled to recover and seeks to recover herein from Defendant all damages, available under New York Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, punitive damages and attorney's fees.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGE AND DISABILITY DISCRIMINATION- NYC HUMAN RIGHTS LAW**

69. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 68 above as if set forth fully and at length herein.

70. New York City Human Rights Law under NYC Code §8-107(1) (a), state in relevant part that, "It shall be an unlawful discriminatory practice ... for an employer or employee or agent thereof because of the actual and perceived age, ... disability ... of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

71. Defendants' refusal to reinstate Plaintiff and its termination of Plaintiff because of her perceived disability in light of her illness, hospitalization and treatment, is an unlawful employment practice in violation of the New York City Human Rights Law, including NYC Code §8-107(1) (a).

72. Plaintiff is entitled to recover and seeks to recover herein from Defendant all damages, available under New York City Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

73. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

74. As to her **First Cause of Action**, award Plaintiff her unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

75. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

76. As to her **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, wage deductions, due under law, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

77. As to the **Fourth Cause of Action,** award Plaintiff all damages available under ESSTA, including her lost wages, such as back pay and front pay/reinstatement, lost benefits and remuneration, emotional distress damages, punitive damages, plus attorneys' fees, disbursement and costs of the action, including pursuant to New York City, N.Y., Code § 20-924.

78. As to the **Fifth Cause of Action** (NYHRL), award Plaintiff all damages, available under New York Human Rights Law, including damages for past and future pain and suffering back pay and reinstatement/front pay, liquidated damages, punitive damages and attorney's fees.

79. As to the **Sixth Cause of Action** (NYCHRL), award Plaintiff all damages, available under New York City Human Rights Law, including damages for past and future pain and suffering, back pay and reinstatement/front pay, liquidated damages, punitive damages and attorney's fees.

80. Award Plaintiff prejudgment interest on all monies due.

81. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

82. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**September 30, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan ___________________

By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com